DONALD H. WILLIAMS, ESQ.
Nevada Bar No. 5548
WILLIAMS & ASSOCIATES
612 South Tenth Street
Las Vegas, Nevada 89101
(702) 320-7755
*Attorneys for Bombard Electric, LLC, Bombard*
*Mechanical, LLC and Royal Metal Works Corporation*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | | |
|---|---|---|
| In RE: | ) | CASE NO.: 11-10202-MKN |
| | ) | |
| BESO, LLC | ) | |
| | ) | |
| | ) | |

## MOTION TO CONFIRM SETTLEMENT

COMES NOW Plaintiff/Lien Claimant BOMBARD ELECTRIC, LLC, Lien Claimant BOMBARD MECHANICAL, LLC, and Lien Claimant ROYAL METAL WORKS CORPORATION (hereinafter "Moving Parties"), by and through their attorney, Donald H. Williams, Esq. of The Law Offices of WILLIAMS & ASSOCIATES, and hereby move this Court to confirm the settlement reached by the parties at the November 10th, 2010 settlement conference. This Motion is based on the following Points and Authorities, the exhibits attached hereto, and the argument of counsel at the time of hearing on this matter.

## POINTS AND AUTHORITIES

The Moving Parties' claims arise out of construction work performed by them on a Restaurant known as Beso located at CityCenter Las Vegas. Work was performed under contract with Baz Construction, Inc. at the request of Debtor and CityCenter. The Moving Parties initially filed a Complaint in District Court and had been litigating said case for approximately a year before Beso, LLC filed bankruptcy.

On November 10th, 2010, prior to the filing of the bankruptcy petition by Debtor, the parties attended a settlement conference and reached a mutually agreeable settlement.[1]

///

---

[1] See *Transcript of Proceedings* attached hereto as Exhibit 1.

1    However, due to delays caused by an unrelated Motion to disqualify one of CityCenter's

2    attorneys, the Moving Parties were unable to have the Court confirm the settlement before

3    the Debtor filed its bankruptcy petition.

4         As the Court can see from Exhibit 1, the settlement in question doesn't actually

5    contemplate any payment from the debtor whatsoever. The payment would come from

6    CityCenter itself and from Valley Construction Services, the construction controller. For this

7    reason, it is in the best interest of both the Moving Parties and the Debtor to confirm this

8    settlement. However, because the Moving Parties have valid claims against the Debtor, the

9    Moving Parties had no other choice but to appear in this litigation and file their claims

10   (Claims 3-1, 4-1 and 5-1) to protect their interests. The Moving Parties believe that all parties

11   to the settlement are still agreeable to its terms. The only thing standing in the way of

12   settlement is confirmation from the Court. The bankruptcy court now has jurisdiction over

13   these matters as the District Court proceedings are stayed pending the outcome of the

14   bankruptcy.

15        The Moving Parties therefore respectfully request that this Court confirm the

16   settlement between the parties.

17

18   DATED this _____ day of February, 2011.

19                        WILLIAMS & ASSOCIATES

20

21                        _____

22                        DONALD H. WILLIAMS, ESQ.

23                        State Bar No. 5548
                     612 South Tenth Street

24                        Las Vegas, Nevada 89101
                     *Attorney for Bombard Electric, LLC,*

25                        *Bombard Mechanical, LLC and Royal*
                     *Metal Works Corporation*

26

27

28

**CERTIFICATE OF SERVICE**

I certify that I am an employee of Williams & Associates, and that on the _28_ day of

February, 2011, I submitted for mailing in Las Vegas, Nevada a true copy of the foregoing

**MOTION TO CONFIRM SETTLEMENT** in the above matter to the parties listed below:

Clark T. Thiel, Esq.
HOWREY, LLP
525 Market St., Suite 3600
San Francisco, CA 94105
*Counsel for The Crystals at CityCenter, LLC*

James J. Pisanelli, Esq.
PISANELLI BICE, PLLC
3883 Howard Hughes Parkway, Suite 800
Las Vegas, NV 89169
*Counsel for Beso, LLC*

Dallin T. Wayment, Esq.
PEEL BRIMLEY, LLP
3333 E. Serene Suite 200
Henderson, NV 89074
*Counsel for Big Town Mechanical*

Reed F. Werner, Esq.
F. RODGERS CORPORATION
3451 W. Martin Ave., Ste. A
Las Vegas, NV 89118
*In House Counsel for F. Rodgers Corporation*

Frank Perez, Esq.
MCCULLOUGH & ASSOCIATES
601 S. Rancho Dr., Ste. A-10
Las Vegas, NV 89106
*Counsel for Long Building Technologies*

R. Christopher Reade, Esq.
READE & ASSOCIATES
4560 South Decatur Avenue, Suite 201
Las Vegas, NV 89103
*Counsel for Cell-Crete Corp.*

Isaiah Alexander Jerez, Esq.
EIGHTH JUDICIAL DISTRICT COURT/ADMINISTRATION
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89101
*Counsel for Baz Construction, LLC*

1

SIEMENS BUILDING TECHNOLOGIES INC.
6295 S. Pearl St. #100
2
Las Vegas, NV 89120

3

NORTHSTAR FIRE, LLC
4
875 Blue Gentian Rd.
Eagan, MN 55121
5

SCHINDLER ELEVATOR CORPORATION
6
20 Whippany Rd
7
PO BOX 1935
Morristown, NJ 07962
8

YOUNG ELECTRIC SIGN COMPANY
9
2401 Foothill Dr.
Salt Lake City, UT 84109
10

11
T. NICKOLAS CO.
3710 W. Sunset Rd.
12
Las Vegas, NV 89118

13

HYDE CONSULTING SERVICES, LLC
14
c/o Danielle Juleen
9124 Crave Ave.
15
Las Vegas, NV 89149

16

UNIVERSAL CONSULTING CORPORATION
17
dba A-1 CONCRETE CUTTING
6470 South Procyon
18
Las Vegas, NV 89118

19

NORMAN S. WRIGHT MECHANICAL
20
99A South Hill Drive
Brisbane, CA 94005
21

OLDCASTLE GLASS PHOENIX
22
3404 W Papago St., # 1
Phoenix, AZ 85009-9734
23

24
OMNITEAM, INC.
9301 Stewart and Gray Rd.
25
Downey, CA 90241

26

27

28
Employee of WILLIAMS & ASSOCIATES

4

# EXHIBIT        1

1

Electronically Filed
12/02/2010 07:55:31 AM

CLERK OF THE COURT

1   TRANS                    ORIGINAL

2

3

4

5                      DISTRICT COURT

6                   CLARK COUNTY, NEVADA

7   BOMBARD ELECTRIC, LLC,            )
                                      )
8            Plaintiff,               )
                                      )
9        vs.                          )   Case No. A608871
                                      )   Dept. XIII
10  BESO, LLC, et al.,                )   Consolidated with:
                                      )   A607921
11           Defendants.             )   A609574
    _____)   A616710
12                                        A618080
                                          A619954
13

14

15              TRANSCRIPT OF PROCEEDINGS
                           OF
16              SETTLEMENT CONFERENCE
                      VOLUME 1
17       BEFORE THE HONORABLE SALLY LOEHRER
                          AND
18       BEFORE THE HONORABLE STEWART BELL
    EIGHTH JUDICIAL SENIOR DISTRICT COURT JUDGES
19
                Wednesday, November 10, 2010
20

21

22

23

24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.

RECEIVED
DEC 0 2 2010
CLERK OF THE COURT

2

```
 1   APPEARANCES:

 2   For Crystals                CLARK T. THIEL, ESQ.
     at CityCenter, LLC:         Howrey, LLP
 3                               525 Market Street
                                 Suite 3600
 4                               San Francisco, California 94105

 5   For Beso, LLC:              JAMES J. PISANELLI, ESQ.
                                 Pisanelli Bice, PLLC
 6                               3883 Howard Hughes Parkway
                                 Suite 800
 7                               Las Vegas, Nevada 89169

 8                               CHRISTOPHER MILTENBERGER, ESQ.
                                 Greenberg Traurig, LLP
 9                               3773 Howard Hughes Parkway
                                 Suite 400-N
10                               Las Vegas, Nevada 89169

11   For Bombard Electric,       DONALD H. WILLIAMS, ESQ.
     LLC, Bombard                Williams & Wiese Law Offices
12   Mechanical, LLC, and        612 South Tenth Street
     Royal Metal Works           Las Vegas, Nevada 89101
13   Corporation:

14   For Big Town                DALLIN T. WAYMENT, ESQ.
     Mechanical, LLC:            Peel Brimley, LLP
15                               3333 East Serene Avenue
                                 Suite 200
16                               Henderson, Vegas, Nevada 89074

17   For F. Rodgers              REED J. WERNER, ESQ.
     Corporation:                3451 West Martin Avenue
18                               Suite A
                                 Las Vegas, Nevada 89118
19
     For LONG Building           FRANK PEREZ, ESQ.
20   Technologies:               McCullough, Perez & Associates, Ltd.
                                 601 South Rancho Drive
21                               Suite A-10
                                 Las Vegas, Nevada 89106
22
     For Cell-Crete              R. CHRISTOPHER READE, ESQ.
23   Corporation:                Reade & Associates
                                 4560 South Decatur Boulevard
24                               Suite 201
                                 Las Vegas, Nevada 89103
25
```

3

APPEARANCES (Cont.):

For Baz Construction,       ISAIAH A. JEREZ, ESQ.
LLC:                        Unknown Address

Recorded by:                CYNTHIA GEORGILAS, COURT RECORDER
                            REGIONAL JUSTICE CENTER
                            200 LEWIS AVENUE
                            LAS VEGAS, NEVADA 89155
                            (702) 671-4425

4

1          (Court convened at 01:15:11 p.m.)

2               JUDGE LOEHRER:  Let's go on the record.

3               THE CLERK:  Okay.

4               JUDGE LOEHRER:  Are we good now?

5               THE CLERK:  Yes, we are, Judge.

6               JUDGE LOEHRER:  All right.  This is in regarding

7     litigation at CityCenter Construction and Lien Master

8     Litigation.

9          This is entitled the Beso, B-e-s-o, Subgroup and

10    Bombard Electric, et al., versus Beso, Baz, B-a-z,

11    Construction, the Crystals at CityCenter, Valley Construction

12    Services, Great American Insurance Company.

13         There are a number of case numbers, A-10-608871,

14    A-10-609574, A-10-607921, A-10-616710, A-10-618080,

15    A-10-619954.

16         We have here at the settlement conference which started at

17    9:00 this morning -- and it's now early afternoon.  We have for

18    CityCenter Clark Thiel, Counsel; for Beso, Jim Pisanelli and --

19               MR. MILTENBERGER:  Chris Miltenberger.

20               JUDGE LOEHRER:  -- Chris Miltenberger; for

21    Bombard Electric -- I'm just going to give us the attorney

22    names first.

23         And then when we call you up individually you'll come

24    with your client, and the client will be identified for the

25    record.

5

1    Bombard Electric represented by Don Williams;

2    Bombard Mechanical by Don Williams; Royal Metal Works by

3    Don Williams; Big Town Mechanical by Dallin Wayment;

4    F. Rodgers Corporation by in-house counsel Reed Werner;

5    LONG Building Tech by Frank Perez; Cell-Crete by Chris Reade;

6    Baz Construction Company by Isaiah Jerez, J-e-r-e-z.

7    And the conference has been held in front of

8    Senior Judges Loehrer and Bell the 10th day of

9    November 2010.

10    The proposed global settlement in this case involves

11    distribution of $765,070.29.  Those moneys are held by two

12    entities.

13    Some of it is being held by CityCenter which is under the

14    control of Clark Thiel, Counsel, and the balance of the money

15    is held at Valley Construction Services.  Valley Construction

16    Services did not attend today's conference nor did it send a

17    representative of any sort.

18    There are a number of parties here today who have filed

19    and perfected lien claims and who are parties to the various

20    lawsuits that I just mentioned.

21    And those are Bombard Electric, Bombard Mechanical,

22    Royal Metal Works, Big Town Mechanical, F. Rodgers,

23    LONG Building Tech, and Cell-Crete, and Baz Construction

24    Company, as well as Beso, the restaurant, and, of course

25    CityCenter.

6

1     There are entities to which the settlement proposes to pay

2   money who are not parties to this action, and they are Siemens,

3   Northstar, Schindler Elevator, YESCO, T. Nickolas, and Hyde.

4   All of those which we've just mentioned are proposed to receive

5   money by way of this settlement.

6     Additionally, Beso Restaurant has received claims from

7   Norman Wright (phonetic), Oldcastle Glass, Omniteam (phonetic),

8   and A-1 Concrete.

9     And as we get to each of the subs that they provided to,

10   we'll be asking those subs to state on the record that they are

11   going to be responsible for those venders I believe, so I guess

12   we need to start with Mr. Thiel.

13     Would you come forward.  Go to the podium, please, because

14   that's where the microphone is, and tell us who you are.

15         MR. THIEL:  Good afternoon, your Honor.  Clark Thiel

16   who represents the CityCenter entities.

17         JUDGE LOEHRER:  All right.  And we have discussed

18   while we were all together and before we were on the record

19   that the actual physical payment of this money that your

20   company, CityCenter, would take the money that it has, it would

21   get the money from Valley, and that you would disburse all the

22   checks as soon as you get a lien release, a complete lien

23   release, from each one of these parties to whom money is due.

24         MR. THIEL:  Agreed.

25         JUDGE LOEHRER:  Are you going to do anything else?

1          MR. THIEL:  Lien releases and waivers, and then we

2    would like agreement as to when the respective claims or the

3    statements of fact will be withdrawn as well from the various

4    parties.

5          JUDGE LOEHRER:  All right.  And how long will that

6    take, gentlemen, Counsel?  You'll send your lien releases over

7    to Mr. Thiel.

8       He's going to get the money from Valley as quickly as

9    possible.  He'll start writing the checks, and you need to --

10   do they need to be recordedly withdrawn?  How does that happen?

11         MR. THIEL:  I don't believe there are answers on file

12   in any of them, so I believe it's just submitting a request --

13         JUDGE LOEHRER:  Dismissal?

14         MR. READE:  Your Honor, that is not correct.

15         MR. THIEL:  That is not correct?

16         MR. READE:  There are answers on file in a number of

17   consolidated cases.

18         JUDGE LOEHRER:  Okay.  So then the proposal would be

19   that you would just send around a dismissal, and it would be --

20         MR. THIEL:  A stipulated dismissal.

21         JUDGE LOEHRER:  -- a stipulated dismissal of all the

22   cases?

23         JUDGE BELL:  With prejudice.

24         JUDGE LOEHRER:  With --

25         JUDGE BELL:  Yeah.

8

1          JUDGE LOEHRER:  Yeah.  A stipulated dismissal --

2          JUDGE BELL:  Each --

3          JUDGE LOEHRER:  -- with prejudice of all.

4          JUDGE BELL:  Each party bears their own fees and

5    costs.

6          JUDGE LOEHRER:  Yeah.  And each party to bear their

7    own fees and costs.  All right.

8      Anything else, Mr. Thiel --

9          MR. THIEL:  That's all --

10          JUDGE LOEHRER:  -- from your end?

11          MR. THIEL:  -- on my list.

12          JUDGE LOEHRER:  Okay.  Now, Mr. Pisanelli, on behalf

13    of Beso, would you come forward with your owner representatives

14    and have them -- you introduce yourself, please, and your owner

15    representatives.

16          MR. PISANELLI:  James Pisanelli, your Honor, on

17    behalf of Beso.  I'm here with Jonas Lowrance and Roy Saunders.

18          JUDGE LOEHRER:  All right.  Now, the settlement as it

19    affects you is that you are going to be releasing and

20    authorizing Valley Construction to release the money that is in

21    your construction account at Valley to Mr. Thiel at CityCenter

22    for the purpose of funding the proposed settlement today.

23      And in return, you are waiving all your

24    construction-defect claims, but you're preserving your warranty

25    on your equipment claims as long as those warranties might

1   last.

2        And is there anything else as it affects your client?

3        JUDGE BELL:  Well, and the fact is that the total

4   amount of this settlement is a percentage on the dollar to all

5   these contractors and subcontractors.

6        And they are not only releasing their liens, but they're

7   waiving any claims against you or your client for quantum

8   meruit or anything else for the difference.

9        MR. PISANELLI:  First, on the warranty issue,

10  your Honors, it's our understanding, in particular, from our

11  conversation outside that the warranties that would otherwise

12  exist under these contracts would stay in place which is a

13  little broader than just the equipment.

14       So, for instance, something was constructed correctly,

15  originally, but it has not provided the usefulness for the year

16  or whatever that warranty is, we would still have the ability

17  to put the contractor on notice.  They would come out

18  preserving all of their defenses to the claim.

19       So, for instance, you have an outlet or something small

20  happens.  They come out.  If they say, yes, that's still under

21  warranty, they fix it.

22       If they have a defense to it that it was changed, that it

23  wasn't our work, whatever the defenses may be, those would be

24  preserved as well.

25       I just wanted to clarify that it's something more --

1   JUDGE LOEHRER:  Okay.  Um-h'm.

2   MR. PISANELLI:  -- than just simply equipment, the

3 warranties that come from the manufacturers.

4   JUDGE LOEHRER:  So, Mr. Williams, what kind of

5 warranties does your client have with the work done at Beso?

6   MR. WILLIAMS:  My clients may need to speak directly

7 to that, but I would say this much.  We don't have warranties

8 necessarily directly with Beso.

9  We have warranties with respect to the general contractor

10 who may have warranties with respect to Beso.  Without looking

11 at the contracts right now, I don't want to comment too much

12 more about that.

13   JUDGE LOEHRER:  Okay.

14   MR. WILLIAMS:  I will say that, generally, there is a

15 year warranty period.

16   JUDGE LOEHRER:  Okay.  And, you know, we don't want

17 there to be any misunderstanding on anybody's part.

18  So Robert from Baz Construction, is that approximately

19 correct?  There's a warranty in place for a year, and that

20 probably runs whenever the restaurant opened which

21 was --

22   MR. PISANELLI:  About three more weeks.

23   JUDGE LOEHRER:  December 4th or something like that?

24   MR. SAUNDERS:  Yes.  December 4th.

25   JUDGE LOEHRER:  So there's about a three-week period

1    of time during which the one-year warranty would still be in

2    effect?

3            MR. BAZAK:  That's correct.

4            JUDGE LOEHRER:  All right.

5            THE COURT RECORDER:  I'm sorry, Judge.  Who spoke?

6            JUDGE LOEHRER:  That was Robert B-a-z- --

7            MR. BAZAK:  A-k.

8            JUDGE LOEHRER:  No.  What's the rest of -- how do you

9    spell the rest of your -- no.  Wait.  Wait a minute.

10           MR. BAZAK:  B-a-z-a-k.

11           JUDGE LOEHRER:  B-a-z-a-k, Bazak.

12           THE COURT RECORDER:  Thank you.

13           JUDGE LOEHRER:  Anything else, Mr. Pisanelli, from

14   your client's perspective?

15           MR. PISANELLI:  Yes.  In connection -- again, what

16   we're looking for is the same type of closure we would be

17   getting if we were closing the project out today without

18   litigation.

19       So that when we make the payments -- we have used the

20   phrase Mr. Thiel did -- with the lien releases and waivers.  We

21   are understanding that that would include reps and warranties

22   and waivers that all subs for the particular client or

23   contractor that is being paid they have paid their own

24   second-tier, third-tier suppliers and contractors.

25       So that if we do get someone with or without a mechanic's

1    lien coming forward under any of these contractors that have

2    been paid that would be the responsibility of that contractor.

3         I want to make sure we're on the same page in that

4    respect.  In other words, no different than if we were closing

5    the contract out in the ordinary course without litigation.

6         And then the only thing that I apologize to the parties

7    and your Honor because I forgot to bring this up though it was

8    in my notes, it is our understanding that Big Town Mechanical

9    that the heat exchangers that we talked about throughout the

10   process once they are paid would be delivered (indiscernible).

11        JUDGE LOEHRER:  So, Mr. Barton.

12   Mr. Barton is here from Big Town.

13        And you told us during this conference that these heat

14   exchangers were custom built for this restaurant.  You can't

15   use them anyplace else, and you've been trying to give them to

16   them.  So once they pay you, can they get them from you?

17        MR. WAYWENT:  I think it's our understanding that we

18   kind of thought that was separate, and they would buy them from

19   us after the fact.

20        JUDGE LOEHRER:  Well, they've already paid them for

21   them now.  It's part of your lien claim.  It's part of the

22   money you're getting paid.

23        MR. WAYWENT:  Well --

24        JUDGE LOEHRER:  Why should they pay for them twice?

25        MR. WAYWENT:  The haircut we're taking, we don't feel

13

1   like they've paid for them once.  Can I just talk to my client

2   for a second?

3           JUDGE LOEHRER:  Sure.

4       (Colloquy not on the record.)

5           MR. PISANELLI:  Those were our only points.

6           JUDGE LOEHRER:  Okay.  Well, thank you, and we'll

7   wait 'til Big Town gets back.

8           MR. PISANELLI:  Do you want us to stay up here or did

9   you want representations from clients on the record,

10  your Honor?

11          JUDGE LOEHRER:  We're not going to do anything 'til

12  they come back, so everybody knows everything.

13          JUDGE BELL:  Yeah.  Stay right there.

14          MR. PISANELLI:  Okay.

15          JUDGE BELL:  We just want to make sure that --

16      (Colloquy not on the record.)

17          JUDGE BELL:  We have no doubt that they're in total

18  agreement with everything you say.  But, occasionally, you

19  know, after you put everything there, if you don't have that --

20      (Colloquy on the record.)

21          JUDGE BELL:  -- on the record, occasionally, by

22  tomorrow they're not in agreement, not your clients, just the

23  great they out there.

24      (Colloquy not on the record.)

25          MR. PISANELLI:  The reasonable man doesn't follow us

1   around after we leave the courtroom sometimes.

2        (Pause at 01:27:00 p.m.)

3        (Colloquy not on the record.)

4        (Pause concluded at 01:27:49 p.m.)

5        JUDGE LOEHRER:  Okay.  Mr. Wayment and Mr. Barton,

6   what can we do?

7        MR. WAYMENT:  We talked about it, and we're willing

8   to provide them the heat exchange.  They'll have to pick it up.

9   They'll have to hook it up.  No warranty and no installation

10  from us.

11       JUDGE BELL:  It sounds fair.

12       (Colloquy not on the record.)

13       JUDGE LOEHRER:  Mr. Pisanelli?

14       MR. PISANELLI:  We'll live with it.

15       JUDGE LOEHRER:  All right.  Thank you.

16  Why don't you fellows be seated.

17       JUDGE BELL:  No, no, no.

18       JUDGE LOEHRER:  Whoa.  Oh, gentlemen.

19       (Colloquy not on the record.)

20       JUDGE BELL:  Gentlemen, are you in full agreement

21  with everything Mr. Pisanelli has said?

22       MR. LOWRANCE:  Yes, your Honor.

23       MR. SAUNDERS:  Yes.

24       JUDGE BELL:  And you understand that while you may

25  have some counterclaims for construction defects that you are

1   going to assume the responsibility for that in the future, hold

2   these fellows harmless, and the consideration for that is

3   they're not seeking anything over and above the retention

4   amounts that are in the construction control accounts, right?

5          MR. LOWRANCE:  Yes, your Honor.

6          JUDGE BELL:  Okay.

7          MR. SAUNDERS:  Yes, sir.

8          JUDGE BELL:  Good.

9          JUDGE LOEHRER:  All right.  And the record will

10  reflect that the other gentleman for the restaurant, Beso, is

11  Roy Saunders, S-a-u-n-d-e-r-s, and the owner representative

12  Jonas Lowrance, L-o-w-r-a-n-c-e.

13         JUDGE BELL:  Okay.

14         MR. PISANELLI:  That's correct.

15         JUDGE LOEHRER:  Thank you.

16         JUDGE BELL:  Thanks.

17         JUDGE LOEHRER:  All right.

18         JUDGE BELL:  Baz.

19         JUDGE LOEHRER:  We have Robert Bazak, the principal

20  of Baz Construction, and his attorney, Isaiah Jerez, J-e-r-e-z.

21     Mr. Bazak, are you in full agreement of receiving $12,500

22  as your full and final payment on all claims relating to the

23  Beso Restaurant at CityCenter?

24         MR. BAZAK:  Yes.

25         JUDGE LOEHRER:  Now, there are parties who are not

 

16

1    present today, not parties to the lawsuit to the best of our

2    knowledge, Siemens Electric who did fire-suppression work,

3    Northstar -- what kind of work did they do?

4              MR. BAZAK:  Fire sprinklers.

5              JUDGE LOEHRER:  Fire sprinklers.  Schindler Elevator,

6    YESCO Sign Company, T. Nickolas did flooring, and Hyde did --

7              MR. BAZAK:  Consulting.  They --

8              JUDGE LOEHRER:  And --

9              MR. BAZAK:  Permit consulting.

10             JUDGE LOEHRER:  Okay.  Now, you have represented to

11   us that you've made telephone calls today to Siemens, and that

12   they are willing to accept $64,190 as full and complete payment

13   for all of their claims for work done at Beso Restaurant; is

14   that correct?

15             MR. BAZAK:  Yes.

16             JUDGE LOEHRER:  And you have made contact with

17   Northstar, and you have made a settlement with Northstar that

18   they will accept $5,000 as their full and complete payment for

19   all their outstanding claims at Beso Restaurant.

20             MR. BAZAK:  That's correct.

21             JUDGE LOEHRER:  You have also made contact with

22   Schindler Elevator, and they have agreed to accept $3,100 as

23   full and complete payment of their claims; is that correct?

24             MR. BAZAK:  Yes.

25             JUDGE LOEHRER:  You have contacted YESCO, and that



1    they are in agreement to accept $4,190 as full and complete

2    payment of their claims.

3            MR. BAZAK:  Yes.

4            JUDGE LOEHRER:  You have made contact with

5    T. Nickolas, the flooring person, and that they are agreeing to

6    accept $9,194 as full and complete payment for their claim.

7            MR. BAZAK:  Yes.

8            JUDGE LOEHRER:  And you have --

9            JUDGE BELL:  And part of the consideration for that

10   was that they, in turn, recognize that there was a

11   construction-defect claim by Beso against them for some of the

12   kitchen flooring.

13       And that Beso is going to assume the responsibility to

14   rectify any defects, and that is the reason that they are

15   taking a substantial discount on their bill; is that correct?

16           MR. BAZAK:  Yes.

17           JUDGE LOEHRER:  And Hyde is willing to discount their

18   claim and accept $1700 as full and complete payment of all sums

19   that they claim to be due and owing under Beso Restaurant.

20           MR. BAZAK:  That's correct.

21           JUDGE LOEHRER:  Now, we don't have them here, and we

22   don't have them here in writing, but you're the general

23   contractor.  They all contracted with you --

24           MR. BAZAK:  All --

25           JUDGE LOEHRER:  -- Baz Construction?

Cline Transcription Services, Inc.   (702)644-1123

1         MR. BAZAK:  All with exception of Hyde.

2         JUDGE LOEHRER:  All with the exception of Hyde, And

3    so you're telling us this has -- well, you're not under oath,

4    but you're making a truthful and honest statement that these

5    claims have been settled for this amount of money; is that

6    correct?

7         MR. BAZAK:  Yes.  As far as I know per my

8    conversation with them today.

9         JUDGE BELL:  And --

10        JUDGE LOEHRER:  Okay.

11        JUDGE BELL:  And as consideration in exchange for you

12   taking only 12,500 on a claim that was many times that, the

13   understanding is that none of the other people involved in this

14   will continue to pursue any complaints with the licensing board

15   or a disciplinary hearing or bond complaints.

16       And they will withdraw those complaints and sign any

17   releases or any documents necessary to effectuate those not

18   being held against you nor will anybody make any further claim

19   against your $30,000 bond; is that correct?

20        MR. BAZAK:  That's correct.

21        JUDGE BELL:  Okay.

22        JUDGE LOEHRER:  All right.  Thank you, sir.

23        MR. BAZAK:  I have one more comment --

24        JUDGE LOEHRER:  Yes.

25        MR. BAZAK:  -- and in terms of Beso.  Because

1   Big Town Mechanical is withdrawing their warranty and -- and

2   Bombard Mechanical had provided the remainder of the plumbing

3   work over there on a cost-plus basis and in order to get the

4   project completed, there is no plumbing warranty that Beso has

5   currently.

6       And if they were to be presented with any plumbing issues

7   like they were in the paperwork that I received, they would

8   have to take care of that on their own.

9       JUDGE LOEHRER:  Mr. Pisanelli, let's get your comment

10  on that.

11      MR. PISANELLI:  Yeah.  I would only correct the

12  statement that I'm not -- I didn't understand Big Town to be

13  withdrawing any warranty obligations except as it related to

14  these --

15      JUDGE LOEHRER:  Heat exchangers.

16      MR. PISANELLI:  -- heat exchangers.

17      JUDGE LOEHRER:  So, Mr. Wayment --

18  (Colloquy not on the record.)

19      JUDGE LOEHRER:  -- the warranty that's not being

20  provided is as to the heat exchangers that haven't been

21  delivered, yet; is that correct?

22      MR. WAYMENT:  Your Honor, we have no warranty

23  obligations on the entire project because we were terminated

24  from the project.

25      JUDGE LOEHRER:  Okay.  That is a slightly different

1   situation.  They did their notice, but you, in fact, terminated

2   them, so they don't have any warranty on the project.

3            MR. PISANELLI:  We understand their position.

4            JUDGE LOEHRER:  All right.  Thank you.

5        Mr. Williams, would you bring up your Bombard --

6            MR. WILLIAMS:  Yes.

7            JUDGE LOEHRER:  -- and your Royal Metal gentlemen.

8   All right.

9        Would you identify yourself, Mr. Williams, and your client

10   representatives.

11            MR. WILLIAMS:  Absolutely.  Donald Williams on behalf

12   of Bombard Electric, Bombard Mechanical, and Royal Metal Works,

13   Jim Bailey (phonetic) on behalf of Bombard Electric,

14   Angelo Ianucci (phonetic) on behalf of Bombard Mechanical and

15   Royal Metal Works.  Angelo is sitting -- or standing next to

16   me, and Jim is standing next to Angelo.

17            JUDGE LOEHRER:  Okay.  Now, the proposed settlement

18   to Bombard Electric at 67.69671 percent of the funds available

19   is $207,750.13.

20        Mr. Bailey on behalf of Bombard Electric, is that a sum

21   that Bombard Electric will accept and, you know, do lien

22   waivers and in exchange for the check?

23            MR. BAILEY:  Yes, Judge.

24            JUDGE LOEHRER:  Okay.  Mr. Ianucci, on behalf of

25   Bombard Mechanical, you are to receive the sum of $200,139.84

1  which is the same percentage of the funds available to pay all

2  the claims of Bombard Mechanical, and that is net of the claim

3  of LONG Building which is being paid separately.

4       Is that a satisfactory settlement to you, sir, on behalf

5  of Bombard Mechanical?

6            MR. IANUCCI:  Yes, it is.

7            JUDGE LOEHRER:  And you are willing to give lien

8  releases in exchange for the check.

9            MR. IANUCCI:  Yes, I will.

10            JUDGE LOEHRER:  All right.  Now, on behalf of

11  Royal Metal Works, Mr. Ianucci, the proposed settlement is the

12  sum of $25,352.16 as full payment of all claims for the work at

13  Beso Restaurant, and is that a satisfactory sum to you, sir?

14            MR. IANUCCI:  Yes, it is.

15            JUDGE LOEHRER:  And you will do lien releases for all

16  of the people that provided to you, including Norman Wright,

17  Oldcastle Glass, and Omniteam.

18            MR. IANUCCI:  Yes, I will.

19            JUDGE BELL:  Okay.

20            JUDGE LOEHRER:  All right.  And those will need to be

21  paid if they haven't been paid or they will be paid when you

22  get your check.

23            MR. IANUCCI:  I'll make sure they're paid before, so

24  I can turn over the lien releases.

25            JUDGE BELL:  Yeah.

1       JUDGE LOEHRER:  Okay.

2       JUDGE BELL:  Perfect.

3       MR. WILLIAMS:  And that's assuming, your Honor, that

4 those three entities truly did come under our -- we think they

5 did.  We're quite certain they did.

6       JUDGE BELL:  Okay.

7       MR. WILLIAMS:  But the answer is if they were under

8 us, we will get lien releases or indemnify.

9       JUDGE BELL:  Okay.

10       JUDGE LOEHRER:  All right.  Big Town Mechanical,

11 would you please come forward.

12     (Colloquy not on the record.)

13       JUDGE LOEHRER:  And, sir, would you please introduce

14 yourself and your client representative.

15       MR. WAYMENT:  Dallin Wayment on behalf of

16 Big Town Mechanical with James Barton, President.

17       JUDGE LOEHRER:  All right.  And, Mr. Barton, the

18 proposed payment under this settlement to Big Town Mechanical

19 is $147,860 net of the moneys that are due to F. Rodgers

20 because they're being paid separately.

21     And, additionally, there has been a claim made upon Beso

22 by A-1 Concrete for the sum of $5,730 which we believe is a sub

23 of yours.  And so as part of the $147,860, you would be taking

24 care of that claimant; is that correct?

25       MR. BARTON:  Yes, your Honor.

1      JUDGE LOEHRER:  And is the $147,860 satisfactory to

2  you, reluctantly, as full settlement for all your claims at the

3  Beso Restaurant?

4      MR. BARTON:  Yes, your Honor, reluctantly.

5      JUDGE LOEHRER:  I understand, and you're also going

6  to make those heat exchangers available for Beso's pickup.  All

7  they're going to -- all you're going to do is make them

8  available, and they're going to pick them up and take care of

9  them thereafter.

10      MR. BARTON:  Yes.  After payment, your Honor.

11      JUDGE LOEHRER:  After you receive payment.

12      JUDGE BELL:  Fair enough.

13      JUDGE LOEHRER:  Thank you.

14     F. Rodgers.

15     And if you would please identify yourself, sir, for the

16  record.

17     (Colloquy not on the record.)

18      MR. WERNER:  Thank you, your Honor.  Reed Werner for

19  F. Rodgers Corporation.

20      JUDGE LOEHRER:  And, Mr. Rodgers (sic), you have

21  indicated you're in-house counsel, so you are both counsel and

22  the client today; is that correct?

23      MR. WERNER:  That is correct, your Honor.

24      JUDGE LOEHRER:  All right.  And the proposed

25  settlement to F. Rodgers in this case is $14,852.10 which is

1    the same percentage that the other lien-claimant parties to

2    this action are receiving.

3        Is that satisfactory to F. Rodgers as full and

4    complete payment of all sums due and owing on the Beso

5    project?

6            MR. WERNER:  Yes, your Honor.

7            JUDGE LOEHRER:  And you will provide lien releases

8    and waivers in exchange for your check.

9            MR. WERNER:  Yes.

10           JUDGE LOEHRER:  Thank you.

11       LONG Building Tech.

12           MR. PEREZ:  Good afternoon, your Honor.  Frank Perez

13   on behalf of LONG Building Tech.

14           JUDGE LOEHRER:  Thank you, Mr. Perez, and welcome.

15   Mr. Jeff Long, your principal, has been here all day up until

16   slightly a short time ago when he had to leave.

17       The proposed settlement for LONG Building Tech is the sum

18   of $30,623.18.  Is that satisfactory to Mr. Long and yourself

19   as full and complete settlement for all claims that you have at

20   the Beso Restaurant?

21           MR. PEREZ:  Yes, it is.

22           JUDGE LOEHRER:  And you will and your client will

23   execute lien releases and waivers and exchange those with

24   Mr. Thiel for your check; is that correct?

25           MR. PEREZ:  That's correct, your Honor.

1    JUDGE LOEHRER:  All right.  And Cell-Crete.

2    (Colloquy not on the record.)

3    JUDGE LOEHRER:  And, Mr. Reade, would you please

4    identify yourself and Mr. Smith your -- go ahead -- rep.

5    MR. READE:  Right.  Christopher Reade, 6791, on

6    behalf of Cell-Crete.  I have William Smith of Cell-Crete with

7    me here today.

8    JUDGE LOEHRER:  All right.  And, Mr. Smith, the

9    proposed payment to Cell-Crete is the sum of $38,618.84.  Is

10   that sum, sir, satisfactory to you to settle full and complete

11   on all claims that you have at Beso?

12   MR. SMITH:  Yes, it is.

13   JUDGE LOEHRER:  All right.  And you will execute lien

14   releases and waivers in exchange for your check --

15   MR. SMITH:  That's correct.

16   JUDGE LOEHRER:  -- for that amount of money.

17   Now, on behalf of all the subs that are here today, do you

18   agree that none of you will pursue the contractor's bond of

19   Baz Construction?

20   And that should you or your client have filed a claim

21   against the licensing of Baz or any other type of claim against

22   Baz at the Contractors Board that you will take affirmative

23   action to withdraw those claims?

24   Is there anybody here that's not going to do that?

25   So by everyone's silence, I can safely assure myself that

1    if there is such a claim that you will withdraw it, and that

2    none of you will make any claim against Baz Construction's

3    contractor's bond.

4         Mr. --

5              MR. WILLIAMS:  Your Honor, my client would like --

6              JUDGE LOEHRER:  Wait a minute.

7              MR. WILLIAMS:  -- to make sure that goes both ways.

8    That Baz Construction would release or waive any future claim

9    to the Contractors Board.

10             JUDGE BELL:  And I think that's only fair.

11             JUDGE LOEHRER:  And, Robert Bazak and Mr. Jerez, is

12   that agreeable to the two of you?

13             MR. BAZAK:  Yes.

14             JUDGE LOEHRER:  All right.  Now, I always forget

15   something, so --

16        (Colloquy not on the record.)

17             JUDGE BELL:  No.  The only thing I would suggest is

18   if there's anything unsaid now is the time.

19             JUDGE LOEHRER:  Okay.

20             JUDGE BELL:  Speak up or forever hold your peace.

21             MR. WILLIAMS:  There is --

22             JUDGE LOEHRER:  Okay.  Now, there is one thing

23   having to do with the money that's at Valley Construction

24   Company.

25        It is our recommendation that the full amount of the

1    retention payment in the construction account for

2    Beso Restaurant be paid to Mr. Thiel for disbursement.

3        And that no funds be withheld from that money for costs or

4    fees, and that the full amount of the money in that account be

5    transferred over to Mr. Thiel for payment.

6        And that's our recommendation here on the record, and

7    that's going to be our recommendation to the trial judge who's

8    in charge of this.

9        We have been advised that there is a claim for attorney

10    fees and costs out of that, but no lawyer or no representative

11    showed up today.

12        And now we're into our fifth hour or sixth hour of a

13    settlement conference, and that the Court can treat it however

14    they like, but no money comes out of the account.

15        And Valley I presume has been paid for servicing and being

16    the servicing agent on this account.  They've already received

17    some funds, so it's not like they're going totally unpaid, and

18    that they shall receive no further funds nor shall their

19    attorney --

20            JUDGE BELL:  But we --

21            JUDGE LOEHRER:  -- be allowed to take money out of

22    that account --

23            JUDGE BELL:  We --

24            JUDGE LOEHRER:  -- for attorney fees and costs.

25            JUDGE BELL:  We can only recommend that to

1   Judge Gonzalez.  Now, I feel pretty comfortable that she's

2   probably going to do that.  But if she didn't, and she took out

3   1,000 or 1500, it would alter everybody's number by 20 cents or

4   something.

5           MR. PISANELLI:  In such an event, your Honor, should

6   we have a plan B that everyone in the room agrees to the

7   pro rata --

8           JUDGE LOEHRER:  No.

9           MR. PISANELLI:  -- reduction?

10          JUDGE LOEHRER:  No.  Because then that would

11  encourage them to do that.  That would encourage the judge to

12  do that.

13          MR. PISANELLI:  But it also leaves a settlement

14  agreement that a lot of people worked very hard for --

15          JUDGE LOEHRER:  I know.

16          MR. PISANELLI:  -- with one very weak link that could

17  have the whole thing fall apart.

18          JUDGE BELL:  I don't --

19          JUDGE LOEHRER:  I --

20          JUDGE BELL:  I don't think it's going to be enough

21  that it would make any difference.  I rather expect when we --

22  we're going to leave here and go down there and explain to her

23  what we've done and what our recommendation is.  I'd be very

24  surprised --

25          MR. PISANELLI:  Fair enough.

1        JUDGE LOEHRER:  If it wasn't followed.

2        MR. PISANELLI:  Okay.

3        JUDGE LOEHRER:  All right.  Anybody else have

4   anything to add?

5      Mr. Bazak.

6        MR. BAZAK:  Yeah.  I would like a clarification

7   regarding the plumbing warranty one more time, and I understand

8   Beso --

9        JUDGE LOEHRER:  All right.  Big Town has no warranty

10  because they were kicked off the job, and, statutorily, that's

11  correct.  They have no warranty on the job.

12      Don, what do you want to say, Mr. Williams?

13        MR. WILLIAMS:  Are you clear on that?  I was going to

14  talk about another point.  You asked if anything else needed --

15        JUDGE BELL:  Yes.  Go ahead, Don.

16        MR. WILLIAMS:  -- to come before you.

17        MR. BAZAK:  Well, okay.  So Bombard Mechanical did

18  the rest of the plumbing work, but they were on a cost-plus

19  basis.  If they were called out, it -- I would expect them to

20  want to charge for their warranty -- for their warranty

21  services.

22        MR. WILLIAMS:  That was a discussion that we had

23  outside.  Counsel, Mr. Pisanelli, had that discussion outside,

24  and we were just going to reserve all rights in that respect.

25        JUDGE LOEHRER:  Okay.

30

1   MR. PISANELLI:  And --

2   JUDGE LOEHRER:  So it won't --

3   MR. PISANELLI:  And I carefully chose my words when I

4   said I understand --

5   JUDGE LOEHRER:  Right.

6   MR. PISANELLI:  -- Big Town's position.

7   JUDGE LOEHRER:  I understand.

8   MR. PISANELLI:  But I don't necessarily agree with

9   it.  There are times when the warranties are discharged and

10  times when it's not.

11      And if we find ourselves with a warranty claim, and

12  Bombard --

13  JUDGE BELL:  Well --

14  MR. WILLIAMS:  -- said this is their work, and we

15  present it to them, and they say no, the parties will have to

16  fight it out --

17  JUDGE BELL:  You'll have --

18  MR. PISANELLI:  -- if they have to.

19  JUDGE BELL:  -- to work it out --

20  MR. PISANELLI:  Yeah.

21  JUDGE BELL:  -- because we got a three-week window.

22  JUDGE LOEHRER:  We've got a three-week window.

23  JUDGE BELL:  And it's --

24  JUDGE LOEHRER:  And we're hoping and praying --

25  JUDGE BELL:  -- relatively small stuff.

1       JUDGE LOEHRER:  -- we're --

2       JUDGE BELL:  I'm sure somehow we can get it worked

3   out --

4       MR. PISANELLI:  I don't --

5       JUDGE BELL:  -- without us having to intervene.

6       MR. PISANELLI:  Agreed.

7       MR. BAZAK:  Um-h'm.

8       JUDGE BELL:  All right.

9       JUDGE LOEHRER:  Anything else?

10      MR. WILLIAMS:  Yes, your Honor.  Drafting of

11  documents --

12      JUDGE LOEHRER:  Oh.

13      MR. WILLIAMS:  -- with respect to lien releases and

14  things like that.  I would nominate Mr. Pisanelli who has done,

15  obviously, an outstanding job on behalf of his client in

16  getting our lien claims reduced to take the lead in drafting

17  appropriate lien releases that he wants our clients to execute.

18      MR. PISANELLI:  I --

19      MR. WILLIAMS:  And we would give him comments on

20  those.

21      MR. PISANELLI:  I am clearly not qualified to do that

22  type of drafting, your Honor.  Of course, I'm kidding.  I

23  didn't expect that these lien releases were going to be

24  anything other than again in the ordinary course --

25      JUDGE BELL:  This is standard stuff.

1      MR. PISANELLI:  -- the contracted four-standard

2 releases that we've used forever.

3      JUDGE LOEHRER:  Mr. Thiel, is there any special form

4 that --

5      MR. THIEL:  No.  I don't --

6      JUDGE LOEHRER:  -- your office requires because if

7 you require a special form you ought to do them.

8      MR. THIEL:  We require the form that's required by

9 the State, the statutory forms.

10      JUDGE LOEHRER:  All right.  The statutory

11 lien-release forms will work.  Send them to Mr. Thiel's office.

12      MR. WILLIAMS:  No.  My understanding is that somebody

13 will send them out in bulk to us.  We will give them to our

14 clients, and then we'll get them back to you.

15      JUDGE BELL:  Sign them.  They'll give them back to

16 Mr. Thiel.

17      JUDGE LOEHRER:  Mr. Thiel, you've got to send them

18 out I guess.  Mr. Thiel, you've got to send them out.

19      JUDGE BELL:  And when --

20      JUDGE LOEHRER:  You've got --

21      JUDGE BELL:  When he gets --

22      JUDGE LOEHRER:  You've got the deep pocket here.

23      JUDGE BELL:  When he gets them --

24      JUDGE LOEHRER:  You're --

25      JUDGE BELL:  When he gets them, he's cutting the

1    check.

2        (Colloquy not on the record.)

3            JUDGE LOEHRER:  All right.  Now --

4            MR. THIEL:  I'm the innocent bystander.

5            JUDGE LOEHRER:  Yeah, I know.  Well, you send --

6            MR. WILLIAMS:  Yeah.  The old innocent bystander.

7            JUDGE LOEHRER:  -- the lien releases out.

8        (Colloquy not on the record.)

9            MR. PISANELLI:  Mr. Williams does raise a fair point,

10   however.  Aside from the releases of whether we're going to

11   have a comprehensive call it omnibus agreement --

12           JUDGE LOEHRER:  We need to have --

13           MR. PISANELLI:  -- for all of us.

14           JUDGE LOEHRER:  -- a settlement.  I don't know that

15   we need to do this -- assuming it happens, you don't need it in

16   writing.

17       But what we do need to do, when all the checks are paid,

18   there needs to be a stipulated dismissal of all these

19   lawsuits.

20       Now, who wants to do that paperwork?

21           MR. PISANELLI:  I'll do that.

22           JUDGE LOEHRER:  That would be you.

23           MR. PISANELLI:  I'll do that.

24           JUDGE LOEHRER:  You do the stipulated deal.  You get

25   the signatures on it, but you cannot submit it to the Court

34

1    until all the checks have been issued.

2        MR. PISANELLI:  So then what we're saying by way of

3    settlement agreement, it's this record is our settlement

4    agreement.

5        JUDGE LOEHRER:  Yes.

6        JUDGE BELL:  Well, it's there.

7        JUDGE LOEHRER:  And it --

8        JUDGE BELL:  You can just get a copy of this.

9        JUDGE LOEHRER:  You get a copy of it.

10       JUDGE BELL:  It doesn't cost as much money, and

11   nobody pays any attorneys fees for it.  And if there's a beef,

12   you can call Sally.  She lives in Texas.

13       JUDGE LOEHRER:  No.  My cell phone doesn't work.

14       MR. WILLIAMS:  One last point, your Honor.  I

15   anticipate that we are going to have to go in front of

16   Judge Gonzalez again.  We have a mandatory meeting there --

17       MR. READE:  A status check in two weeks.

18       MR. WILLIAMS:  -- a status --

19       JUDGE BELL:  We're going to walk down there --

20       JUDGE LOEHRER:  We're going --

21       JUDGE BELL:  -- from here.

22       JUDGE LOEHRER:  -- to go right now.

23       JUDGE BELL:  And we're going --

24       JUDGE LOEHRER:  Doesn't this --

25       JUDGE BELL:  -- to tell her to --

35

1        JUDGE LOEHRER:  This is over.

2        JUDGE BELL:  We're going to suggest to her that she

3   grant the impleader and the money being sent over to Mr. Thiel,

4   that she deny any requests for attorneys fees, and that she

5   vacate any appearances that are there and just let the

6   paperwork flow because that makes sense.

7      And I'm sure that's what's going to happen, Don.

8        MR. WILLIAMS:  Okay.  Very well, then.  I am okay

9   with that.

10     Thank you.

11       JUDGE BELL:  Okay.

12       JUDGE LOEHRER:  All right.  Thank you all for being

13  here, and we appreciate you all working hard towards --

14       MR. WILLIAMS:  And thank you, your Honors.

15       JUDGE LOEHRER:  -- a global resolution.

16   (Colloquy not on the record.)

17       MR. PISANELLI:  Thank you for all your help.

18   (Court concluded at 01:47:28 p.m.)

19

20

21

22

23

24

25

36

1      I certify that the foregoing is a correct transcript

2    from the electronic sound recording of the proceedings in

3    the above-entitled matter.

4

5

6    /s/ Lisa L. Cline                      11/29/10

7    Lisa L. Cline, Transcriptionist            Date

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Cline Transcription Services, Inc.   (702)644-1123