GORDON SILVER
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gordonsilver.com
TALITHA B. GRAY, ESQ.
Nevada Bar No. 9040
E-mail: tgray@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for Anthony Vicidomine

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| In re:<br><br>BESO, LLC<br><br>Debtor. | Case No.: BK-S-11-10202-MKN<br>Chapter 11<br><br>Date: May 18, 2011<br>Time: 9:30 a.m. |
|---|---|

**OPPOSITION TO DEBTOR'S MOTION TO EXTEND EXCLUSIVITY PERIOD**

Anthony Vicidomine ("Vicidomine"), by and through his counsel, the law firm of Gordon Silver, hereby respectfully submits his opposition (the "Opposition") to *Debtor's Motion To Extend Exclusivity Period* [Dkt. No. 96] (the "Motion") filed by Beso LLC ("Debtor"), thereby seeking the denial of the Motion as: (i) the exclusivity deadline has lapsed; (ii) Debtor has not provided any evidence that it has met its burden of establishing the requisite "cause" for the requested 120-day extension of the exclusivity period; and (iii) the denial of the Motion is in the best interest of Debtor's estate and creditors as it will permit Vicidomine, among other potential creditors and/or parties-in-interest, to file a plan of reorganization, thereby moving the Bankruptcy Case swiftly toward a successful reorganization.

This Opposition is made and based on the memorandum of points and authorities set forth herein, the *Declaration of Anthony Vicidomine in Support of the Opposition to Debtor's Motion to Extend Exclusivity Period* (the "Vicidomine Declaration"), the pleadings, papers, and other records on file with the clerk of the above-captioned Court, judicial notice of which is hereby requested, and the argument of counsel entertained by the Court at the time of the hearing of the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.
## LEGAL ARGUMENT

### A. Legal Standard For An Extension Of The Exclusivity Deadline.

The Bankruptcy Code provides a debtor with a 120-day period within which it has the exclusive right to file a plan of reorganization. See 11 U.S.C. § 1121(b). Upon the expiration of this 120-day exclusivity period, any party in interest, including the debtor, a trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may file a plan of reorganization. See 11 U.S.C. § 1121(c)(2). Thus, the expiration of the exclusivity period does not preclude a debtor from filing a plan, it simply eliminates the prohibition against other parties-in-interest filing a plan where the debtor has been unable to formulate and file a plan within the first 120 days of the bankruptcy case.

The 120-day exclusivity period for a debtor to file a plan of reorganization may only be extended upon: (i) the filing of a motion within the respective 120-day and 180-day periods; (ii) after notice and a hearing; and (iii) upon a showing of "cause." See 11 U.S.C. § 1121(d). If the motion is not granted before the original 120-day period has expired and no stay is issued, other creditors can proceed to file a plan of their own. See In re Congoleum Corp., et al., 362 B.R. 198, 204-205 (Bankr. D. N.J. 2007) ("[T]he court lacks the authority to reinstate exclusivity once that period has lapsed."); see also COLLIERS ON BANKRUPTCY ¶ 1121.06[1] ("There can be no extension after the period has expired.").

If a motion is timely filed and heard prior to the expiration of exclusivity, the debtor bears the burden of demonstrating that there is sufficient "cause" to extend the exclusivity period. See In re the Curry Corp, et. al, 148 B.R. 754, 755 (Bankr. S.D.N.Y. 1992) (collecting cases). As stated, although not analyzed by Debtor, the following factors are generally considered in determining whether the requisite "cause" exists to extend exclusivity: (1) the size and complexity of the case; (2) the need for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information; (3) the existence of good faith progress toward reorganization; (4) the debtor's payment of bills as they become due; (5) whether the

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

debtor has demonstrated reasonable prospects for filing a viable plan; (6) whether the debtor has made progress in negotiations with its creditors; (7) the amount of time which has elapsed in the bankruptcy case; (8) whether the debtor is seeking an extension of exclusivity to pressure creditors to submit to the debtor's reorganization demands; and (9) whether unresolved contingency exists. See In re Adelphia Communications Corp., 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); see also In re Dow Corning Corp., 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997); see also In re Express One Int'l, Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996).

However, "affirmative answers to a number of the inquiries listed in Dow Corning and Express One do not necessarily favor extending exclusivity." Official Committee of Unsecured Creditors v. Henry Mayo Newhall Mem. Hosp. (In re Henry Mayo Newhall Mem. Hosp.), 282 B.R. 444, 452 (B.A.P. 9th Cir. 2002). Commentators "have cogently debunked the propositions that complex cases require extended exclusivity, negotiations are facilitated by extended exclusivity, and pending litigation warrants extended exclusivity." Id. In fact, a likely benefit of the denial of an extension of exclusivity is that the threat of creditor plans will cause the debtor to come forward with its own plan more quickly than it might otherwise. See id. at 453. What matters is that adjustment of exclusivity will facilitate moving the case forward toward a fair and equitable conclusion, taking into account all interests involved. See id.

Legislative history reveals that Congress intended that the granting of an extension would be based "on a showing of some promise of probable success [for reorganization]." Matter of Newark Airport/Hotel Ltd. P'ship, 156 B.R. 444, 451 (Bankr. D.N.J. 1993) (quoting 11 U.S.C.A. § 1121(d) (Historical and Revision Notes, S. Rept. No. 95-989, U.S. Code Cong. & Admin. News 1978, 5787)). Section 1121 was designed, and should be faithfully interpreted, to limit the delay that makes creditors the hostages of Chapter 11 debtors. See United Savings Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd. (In re Timbers of Inwood Forest Associates, Ltd.), 808 F.2d 363, 372 (5th Cir. 1987).

**B. Exclusivity Expired On May 6, 2011.**

As Debtor acknowledges, the exclusivity period lapsed on May 6, 2011, prior to a determination on the Motion. As the 120-day statutory exclusivity period has lapsed prior to the

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

granting of an extension, the Motion must be denied. See In re Congoleum Corp., et al., 362 B.R. 198, 204-205 (Bankr. D. N.J. 2007) ("[T]he court lacks the authority to reinstate exclusivity once that period has lapsed."); see also COLLIERS ON BANKRUPTCY ¶ 1121.06[1] ("There can be no extension after the period has expired.").

**C. Assuming Debtor's Motion Is Timely, Debtor Has Nonetheless Failed To Adduce Any Evidence To Demonstrate The Requisite "Cause."**

Although Debtor acknowledges that the determination of whether there is sufficient cause to grant an extension of the exclusivity deadlines is made on a "case-specific basis,"[1] the Motion is nonetheless devoid of any shred of evidence supporting the requested extension. Rather, Debtor merely dedicates one-half of one page of its Motion to its unsupported assertion[2] that it needs more time to negotiate its lease with Crystals at the City Center ("Crystals"). See generally Motion, at p. 3, ll. 18-27. There is absolutely no evidence that further negotiations will culminate in a plan of reorganization or even that there has been progress in the lease negotiations such that a plan of reorganization is imminent. Further, there is no evidence – or even unsupported assertions – as to what a proposed plan may contemplate, and therefore, Debtor has certainly not demonstrated – or even asserted – that any plan has a probable chance of being confirmed.[3]

Where Debtor has failed to produce a single fact in support of its request for a 120-day extension of the exclusivity deadline, Debtor certainly has not met its burden of making "a clear showing of 'cause' to support an extension of the exclusivity period"[4] under Section 1121(d). The Motion must therefore be denied. See id. at 756 (despite noting that size of the debtor's operations, which entailed seven automobile dealerships, the court denied debtor's first motion to extend exclusivity where the debtors did not demonstrate that a plan of reorganization would be

---

1 See Motion, at p. 3, ll. 13-14.

2 No declarations or affidavits have been filed in support of the Motion. Surprisingly, there are not even any citations within the Motion to the Bankruptcy Case Docket. See generally Docket.

3 Legislative history reveals that Congress intended that the granting of an extension would be based "on a showing of some promise of probable success [for reorganization]." Matter of Newark Airport/Hotel Ltd. P'ship, 156 B.R. 444, 451 (Bankr. D.N.J. 1993) (quoting 11 U.S.C.A. § 1121(d) (Historical and Revision Notes, S. Rept. No. 95-989, U.S. Code Cong. & Admin. News 1978, 5787)).

4 In re the Curry Corp., et al., 148 B.R. at 756.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

forthcoming).

**D. Vicidomine Intends To File A Plan Of Reorganization.**

Debtor has been granted the exclusive right to file a plan of reorganization for 120 days and has not only failed to file a plan, but has further failed to provide any evidence that a plan of reorganization, with a reasonably possibility of being confirmed, will be filed in the near future. In enacting Section 1121, Congress sought to "balance the rights and obligations of a Chapter 11 debtor in possession and its creditors" and to "strike a careful balance" by providing the debtor with a 120-day breathing spell, but allowing other parties-in-interest the right to file a plan of reorganization at the expiration of such period. See In re Tony Downs Foods Co., 34 B.R. 405, 407-408 (Bankr. D. Minn. 1983) (discussing the Senate and Hose Reports culminating in Section 1121).[5]

Vicidomine, a member of Debtor[6] and one of its largest creditors,[7] is currently formulating a plan of reorganization that he anticipates filing upon the continued expiration of the exclusivity period. See Vicidomine Declaration ¶ 3. Extending exclusivity simply to allow Debtor more time to continue its negotiations with Crystals where no evidence has been adduced that a viable plan of reorganization is imminent contravenes the Congressional intent in enacting Section 1121. Permitting the expiration of exclusivity does not preclude Debtor from continuing its negotiations and seeking to file a plan of reorganization, it simply allows other parties-in-

---

[5] "Congress has attempted through various provisions of the Bankruptcy Code to balance the rights and obligations of a Chapter 11 debtor in possession and its creditors, thus creating a tension among interested parties which will hopefully lead to appropriate administration of and a successful conclusion to the Chapter 11 case. Section 1121 is one of the important sections intended by Congress to create such tension. The debtor is given a 120-day breathing spell in which it exclusively can file a plan. However, at the expiration of the 120 days, any party in interest can file a plan. I think that Congress attempted to strike a careful balance in this section which was intended to put a certain amount of pressure on the debtor. While Congress has given the Bankruptcy Court the authority to extend or shorten the time, I see nothing special in this case to alter the Congressional policy nor any cause to increase the time as requested by the debtor. The debtor argued at the hearing that it needed more time in order to develop its plan. Section 1121 does not create a deadline for filing a plan; the debtor is free to take as much time to develop and file its plan as it feels appropriate. The risk is, of course, that while it is developing its plan, another party in interest will file a plan. However, that is as Congress intended." Id. at 407-408.

[6] See Statement of Financial Affairs, at Q. 21, Docket No. 1 (identifying Vicidomine as holding 2% of Debtor's membership interest).

[7] See Schedule F, at p. 18 of 47, Docket No. 1 (scheduling Vicidomine as holding a nonpriority, unsecured claim of $651,239.00).

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

interest, including Vicidomine, to likewise seek a swift, efficient, and successful reorganization of Debtor. See In re Curry Corp., et al., 148 B.R. at 755 (citing In re Timbers of Inwood Forest Assoc., Ltd., 808 F.2d 363, 372 (5th Cir. 1987) for the proposition that "Section 1121 was designed, and should be faithfully interpreted, to limit the delay that makes creditors the hostages of Chapter 11 debtors.").

In this case, Debtor has had 120 days to reach an agreement with Crystals in order to formulate its plan. During such time, Debtor has not resolved the lease dispute, rather Debtor has only been able to seek a 120-day extension of the exclusivity period in order to try and accomplish what it failed to do in the last 120 days. The fact that Debtor has not sought a brief 30-day extension to finalize its negotiations is telling. One can only conclude – and no evidence to the contrary has been presented - that the 120-day extension is sought because Debtor is no closer to proposing a plan of reorganization than it was on its petition date. Without any evidence of a viable plan on the horizon, Vicidomine and Debtor's other creditors must be provided with an opportunity to formulate and file a plan of reorganization concurrently with Debtor's continued efforts.

## E. An Analysis Of The Factors Relevant To An Extension Of The Exclusivity Period Further Mandate The Denial Of The Motion.

Although this Court should deny this Motion on the basis that it is facially deficient as it lacks any evidentiary basis to grant the requested relief, and on the basis that permitting Debtor's members and creditors to file a plan of reorganization will ensure a swift, fair, and equitable reorganization, an analysis of the nine factors court's generally consider in determining whether an extension of exclusivity is warranted further demonstrates that the requested 120-day extension should be denied.

### 1. The Bankruptcy Case is neither large nor complex and therefore does not warrant an extension of exclusivity.

As evidenced by Debtor's schedules, Debtor has assets of approximately $2.5 Million, has no secured creditors, one priority tax claim of $260,451.00, and unsecured claims of less than $5.5 Million, nearly one-third of which is held by Crystals, approximately one-third of which is held by two of Debtor's members - Eva Longoria Parker and Vicidomine, and the

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

remaining one-third of which is held by various vendors, attorneys, and other service providers. See Docket No. 1, at Schs. A, D, E, and F. This is certainly not a large or complex case justifying an extension of the exclusivity deadline. The first factor – the size and complexity of the case - therefore weighs heavily in favor of the denial of the Motion.

Although Debtor may contend at the Hearing on the Motion that it is paying its post-petition obligations,[8] in light of the lack of complexity of the Bankruptcy Case and its relatively small size, the fact that four months have lapsed without any evidence that Debtor can formulate a plan of reorganization or that Debtor has any prospect of successfully renegotiating its lease with Crystals, greatly outweighs any such payment and necessitates that the Motion be denied.

**2. Debtor: (i) has had sufficient time to negotiate a plan and has failed to do so; (ii) is not making good-faith progress toward reorganization, and (iii) has failed to demonstrate reasonable prospects for filing a viable plan, thereby necessitating denial of the Motion.**[9]

As Debtor admits in its Motion, the Bankruptcy Case was filed to avoid termination of its lease with Crystals. See Motion p. 3, ll. 21-22. Debtor has had four months to seek to renegotiate such lease.[10] Not only has Debtor failed to do so to date, Debtor has failed to provide any evidence of its efforts to renegotiate the lease or to demonstrate that a restructuring is on the horizon.

Rather, as the last four months have not been fruitful, Debtor wants to tie the hands of all of Debtor's creditors while it spends another four months continuing to work to renegotiate its lease, without any evidence that another four months of effort will produce a different result. As Debtor has been unable to formulate and file a plan of reorganization in its relatively small and not complex Bankruptcy Case - or to produce any evidence that one will be filed in the near

---

[8] Again, Debtor has made no showing that it is paying its post-petition obligations and thus, Debtor cannot look to the fourth factor – the debtor's payment of bills as they come due – as providing a basis for granting the Motion.

[9] The only two remaining factors – whether the debtor is seeking an extension of exclusivity in order to pressure creditors and whether there is an unresolved contingency beyond the debtor's control – are either not applicable and/or there is no evidence that these factors are present and therefore they are neutral with regard to this analysis.

[10] It is noteworthy that Debtor filed the Motion only one week before the expiration of the exclusivity deadline. Thus, this is not a situation where the Debtor was 75 days or less into its bankruptcy proceeding and moved for an extension. Rather, Debtor has had the full 120 days to negotiate the lease with Crystals and to formulate its plan and yet, after 120 days, Debtor has failed to adduce any evidence that an additional 120-day extension will not be followed by anything other than another request for an extension of the exclusivity deadline.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

future, the Motion should be denied. Such denial will not preclude Debtor from continuing its efforts to negotiate its lease, but it will provide other parties-in-interest with the ability to file their own plans of reorganization, thereby moving the Bankruptcy Case toward a fair and equitable conclusion for all involved. Thus, denial of the Motion will further Debtor's reorganization, not hamper it.

Provided the foregoing, with particular emphasis on the lack of any evidence that a further extension of the exclusivity deadline will provide any benefit to Debtor and its estate, the second, third, fifth, and sixth factors[11] all strongly mandate the denial the Motion.

## II.
## CONCLUSION

WHEREFORE, Vicidomine respectfully requests that the Motion be denied in its entirety and for such other and further relief as the Court deems just and proper.

DATED this 16th day of May, 2011.

GORDON SILVER

By: ____________________
GREGORY E. GARMAN, ESQ.
TALITHA B. GRAY, ESQ.
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Attorneys for Anthony Vicidomine

[11] The second, third, fifth, and six factors are as follows: (1) the need for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information; (2) the existence of good faith progress toward reorganization; (3) whether the debtor has demonstrated reasonable prospects for filing a viable plan; and (4) whether the debtor has made progress in negotiations with its creditors.