1  Brian D. Shapiro, Esq.                          E-Filed  7-13-11
   Nevada Bar No. 5772
2  Law Office of Brian D. Shapiro, LLC
   228 South 4th Street, Suite 300
3  Las Vegas, NV 89101
   (702)386-8600, Fax (702)383-0994
4  mail@brianshapirolaw.com
   Attorney for Creditor/Interest Party Mali Nachum and Ronen Nachum
5

6                    UNITED STATES BANKRUPTCY COURT

7                         DISTRICT OF NEVADA

8  In re:                                  Case No.: BK-S-11-10202-MKN
                                           Chapter 11
9  BESO, LLC

10

11  _____ Debtor.

12        EMERGENCY MOTION TO APPOINT A CHAPTER 11 TRUSTEE

13

14        Creditor/Interested Party Mali Nachum and Ronen Nachum, by and through his attorney

15  Brian D. Shapiro, Esq., of the Law Office of Brian D. Shapiro, LLC respectfully submits their

16  emergency motion to appoint a Chapter 11 Trustee.  This motion is based upon the attached points

17  and authorities, the Pleadings on File, any and all declarations in support and any oral argument that

18  this Court may permit.

19

20  DATED___7-13-11_____        _____

21                                         Brian D. Shapiro, Esq.
                                           Nevada Bar No. 5772
22                                         Law Office of Brian D. Shapiro, LLC
                                           228 S. 4th Street, Suite 300
23                                         Las Vegas, NV 89101
                                           (702)386-8600, Fax (702)383-0994
24                                         mail@brianshapirolaw.com
                                           Attorney for Creditor/Interest Party Mali
25                                         Nachum and Ronen Nachum

26

27

28                                        1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    The Motion to Appoint a Trustee Should be Granted

The Debtor operates/operated both a nightclub called Eve and a restaurant called Beso Steakhouse within Crystals at City Center. On January 6, 2011, the Debtor filed a Chapter 11 proceeding. In 2010, the Debtor generated substantial gross income of $14,570,033. On July 12, 2011, the nightclub Eve closed its doors and it is believed that the majority of its employees were terminated.

As of this date no plan has been filed, only limited monthly operating reports have been filed and the closing of one the Debtor's main, if not most important asset, causes serious financial concerns as to the viability of this Debtor. Considering that the Debtor grossed over fourteen million dollars last year, is being managed by an entity which was never approved by the Bankruptcy Court and such management company has now closed down the Debtor's main asset; this Court should immediately appoint a Chapter 11 Trustee so that such independent party can review the books and records, retain the appropriate professionals, make a determination as to whether such decision was in the best interest of the Bankruptcy Estate and determine how to proceed.

### II.    Facts

Movant requests this Court to take Judicial Notice of the pleadings on file and the statements by the Debtor contained within such documents.

1.    On January 5, 2011, allegedly on January 5, 2011, the majority interests at the annual meeting of the Beso, LLC (the "Debtor") permitted Beso Management, LLC to become the manager of the Debtor. See, Declaration of William M. Braden which is attached to Brian D. Shapiro's Declaration as Exhibit 1, p.1, l. 21-23.

2.    Allegedly, William M. Braden is the manger of Beso Management, LLC. Id. p. 1, l. 24.

3.    The Debtor generated substantial gross income of approximately $14,570,033 in 2010. Id. p. 2, l. 4-7.

2

4.   On January 6, 2011, the Debtor, by and through William M. Braden as manger of Beso Management, LLC authorized the bankruptcy filling. Id., p. 2, l. 1-3 and p. 7, l. 1-22.

5.   On January 6, 2011, Beso, LLC (the "Debtor") filed a Chapter 11 Bankruptcy Petition ("Bankruptcy Petition"). See, Docket No. 1.[1]

6.   The Bankruptcy Petition reflects gross sales income of $14,570,033 in 2010. A copy of the Bankruptcy Petition is attached to the Declaration of Brian D. Shapiro as Exhibit 2.

7.   On February 28, 2011, the Debtor filed its monthly operating reports for January 2011. A copy of the January 2011 Monthly Operating10 Report is attached to the Declaration of Brian D. Shapiro as Exhibit 3. The monthly operating report reflects the following:

| | | |
|---|---|---|
| Gross Income | - | $1,020,222.00 |
| Disbursements | - | $914,374.00 |
| Cash Balance at End of Month | - | $250,215.00 |
| Payments to Insiders/Professional[2] | - | $21,983.25 |

---

[1]All references to the Docket Number are to the document number which is reflected by the Bankruptcy Court Clerk in the Beso Bankruptcy Case with Case Number 11-10202-MKN.

[2]All post-petition payments to insiders and professionals have not been approved by the Bankruptcy Court.

3

8.    On March 29, 2011, the Debtor filed its monthly operating reports for February 2011. A copy of the February 2011 Monthly Operating Report is attached to the Declaration of Brian D. Shapiro as Exhibit 4.   The monthly operating report reflects the following:

| | | |
|---|---|---|
| Gross Income | - | $634,689.00 |
| Disbursements | - | $686,854.00 |
| Cash Balance at End of Month | - | $198,049.00 |
| Payments to Insiders/Professional[3] | - | $27,568.84 |

9.    On May 1, 2011, the Debtor filed its monthly operating reports for March 2011.  A copy of the March 2011 Monthly Operating Report is attached to the Declaration of Brian D. Shapiro as Exhibit 5. The monthly operating report reflects the following:

| | | |
|---|---|---|
| Gross Income | - | $857,641.00 |
| Disbursements | - | $840,647.00 |
| Cash Balance at End of Month | - | $215.043.00 |
| Payments to Insiders/Professional[4] | - | $26,421.00 |

10.    No Monthly Operating Report has been filed for the Months of April, May and June 2011. See generally, Court Docket.

[3]All post-petition payments to insiders and professionals have not been approved by the Bankruptcy Court.

[4]All post-petition payments to insiders and professionals have not been approved by the Bankruptcy Court.

4

11.    On July 8, 2011, Robert L. Shapiro, Esq., on behalf of Eve Longoria sent a letter to counsel for Movant advising that the nightclub Eve was going to shut down. A copy of the correspondence is attached to the Declaration of Brian D. Shapiro as Exhibit 6.

12.    On July 12, 2011 the Debtor shut down the nightclub Eve. See generally, Declaration of Brian D. Shapiro.

13.    As reflected in the Debtor's bankruptcy petition, the Debtor was making over $14,000,000 million dollars a year with an average monthly gross of $1,166,666. Conversely, after the bankruptcy filing, the Debtor, based upon the monthly operating reports, has allegedly been averaging only $837,517.00 a month. See Exhibits 1, 3-5.

14.    As of this date, it is unknown as to what the financial status is of the Debtor, whether the professional persons are disinterested, why the insiders and the professionals have been paid and the status of the plan (the exclusivity period has expired). See generally, Court Docket.

15.    As of this date, no unsecured creditors committee has been appointed. Id.

III.    **Legal Argument**

Under Section[5] 1104(a)(2), the Bankruptcy Court shall appointment a Trustee if it is in the interest of creditors, any equity security holders and other interest of the estate. "Cause" need not be shown as it is not a requirement under Section 1104(a)(2). Under section 1104(c), the Court may appoint an examiner on request of an interested party.

---

[5]All references to "Section" are to the provisions of the Bnakruptcy Code, 11 USC section 101 et seq.

1          Section 1104(a)(2) authorizes this Court to appoint a Trustee. Section 1104(a)(2) "envisions

2   a flexible standard" and "gives the district court discretion to appoint a trustee when doing so would

3   serve the parties' and estate's interests. *In re Sharon Steel Corp.*, 871 F.2d 1217, 1226 (3rd Circuit

4   1989). Section (a)(2) allows appointment of a trustee even when no "cause" exists. Id., citing to 5

5   L.P. King, Collier on Bankruptcy Section 1104.01, at 1104-20 (15th ed. 1988).

6          In this case, the Debtor in 2010 had gross income in excess of fourteen million dollars with

7   an average monthly revenue of 1.6 million dollars. On January 5, 2011, one day prior to Bankruptcy

8   filing, the Debtor retained a new management company to manage/operate the business. On January

9   6, 2011, the new management company by and through William Braden filed the Bankruptcy

10  Petition on behalf of the Debtor. At no time has this management company been retained by the

11  Bankruptcy Estate.

12         For the months of January through March 2011, the Debtor has seen a reduction in income.

13  Despite this reduction in income, the Debtor has authorized the payment, without Court authority,

14  to insiders and professional persons (including the Accountant/CPA and Management Company).[6]

15  Such payments are in excess of $78,000.00.[7]

16         As of this date, the monthly operating reports for the months of April, May and June 2011

17  have not been filed. The prior months indicated an increase in income for the month of March

18  versus the month of February. This increase in income showed a positive growth of the Debtor.

19  Despite this growth, no further reports have been filed.

20         Monthly operating reports "are much more than busy work imposed upon a Chapter 11

21  Debtor for no reason other than to require it to something." In re Berryhill, 127 B.R. 427, 433

22

23        [6]It is unknown if the professional persons so retained are disinterested.

24

25        [7]It is unknown if any further amounts have been paid to any other professional person

26  and/or insider for any months after March 2011 because the monthly operating reports have not

27  been filed.

28

(Bankr. N. D. Ind. 1991).  They are the "life blood" of chapter 11, enabling creditors to keep tabs on the debtor's post-petition operations.  Id.  Failure to file them - and file then timely - is a serious breach of the debtor's fiduciary obligations and "undermines the Chapter 11 process".  All Denominational New Church, 268 B.R. 536 538 (8th Cir. BAP 2001).  A debtor's failure to submit monthly operating reports is "cause" to convert the case or dismiss it.  In re Brauer, 80 B.R. 903, 912 (N.D. Ill. 1987).

On July 12, 2011, the Debtor closed one of its main assets consisting of the Eve nightclub. The sudden closure with the fact that the management company was retained one day prior to bankruptcy filing, that they have never been retained by the Bankruptcy Estate but have been paid during the pendency of this case causes extreme concern to Movant.    Whether there is mismanagement or other breaches of fiduciary duty are unknown to Movant.  Movant and the other creditors of the Estate have no control of the Debtor as there is no unsecured creditors committee and the limited knowledge that Movant has is based upon the monthly operating reports.  As the monthly operating reports have not been filed, the "lifeblood" of the creditors has been removed.  Movant is left to guess as to the true financial status of the Debtor.

Neither this Court nor any creditor should be forced to guess as to what the financial status is of the Debtor, whether the Debtor is utilizing professionals which are not disinterested and whether the closing of the Eve nightclub was appropriate.

An independent third party is needed to exercise control over this Debtor, to make sure the books and records are complete and to make an informed decision on how this case should be handled.  As a result, Movant requests this Court to appoint a Chapter 11 Trustee.

7

III.   **Conclusion**

Creditors have a right to know the status of a bankruptcy case.  Creditors have a right to be informed.  Creditors have a right to have some knowledge of the ongoing of the business, should not be surprised by a Debtor's actions and should be able to rely on the fact that professionals hired by the Debtor are appropriately retained are appropriately retained by the Bankruptcy Estate.   In this case, the Debtor has kept the Creditors and this Court in the dark.  The closing of Eve nightclub combined with the failure to file operating reports, failure to hire professionals and the authorization of payment to such professionals without Court authority should give rise to the appointment of a Chapter 11 Trustee

DATED     7 - 13 -11

Brian D. Shapiro, Esq.
Nevada Bar No. 5772
Law Office of Brian D. Shapiro, LLC
228 S. 4th Street, Suite 300
Las Vegas, NV 89101
(702)386-8600, Fax (702)383-0944
mail@brianshapirolaw.com

8