E-Filed 9-13-11

LAW OFFICE OF BRIAN D. SHAPIRO, LLC
BRIAN D. SHAPIRO, ESQ.
Nevada Bar No. 5772
E-mail: bshapiro@brianshapirolaw.com
228 S. 4th Street, Suite #300
Las Vegas, NV  89101
Telephone: (702) 386-8600
Facsimile: (702) 383-0600
*Attorneys for Mali Nachum and Ronen Nachum*

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF NEVADA

| In re: | Case No.:   BK-S-11-10202-MKN |
|---|---|
| BESO, LLC | Chapter 11 |
| Debtor. | Date:<br>Time: |

**OPPOSITION TO MOTION FOR AN ORDER AUTHORIZING AND APPROVING THE: (I) SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL CLAIMS, LIENS, INTEREST AND ENCUMBRANCES, (II) APPROVING THE ASSET PURCHASE AGREEMENT IN CONNECTION THEREWITH AND (III) GRANTING RELATED RELIEF**

Creditor/Interested Party, Mali Nachum and Ronen Nachum (hereinafter "Creditors") by and through their attorney Brian D. Shapiro, Esq., respectfully submits their opposition to the motion (the "Motion") for an order (i) authorizing the sale of substantially all of the Debtor's assets free and clear of all liens, claims, interests and encumbrances; (ii) approving the asset purchase agreement in connection therewith and (iii) granting related relief

This Opposition is based upon the points and authorities herein, the Declaration of Brooke Bohlke (the "Bohlke Declaration") filed in support hereof, the pleadings and papers on file with the Court (judicial notice of which is respectfully requested), and any oral argument and additional testimony that this Court may permit at the time of the hearing on this Motion.

Law Office of
Brian D. Shapiro, LLC
228 S. 4th St. Suite 300
Las Vegas, Nevada 89101
(702) 383-0994

# I.
# INTRODUCTION

Pending before this Court is a motion to substantially sell all of the assets of the Debtor. However, a motion to compel discovery of books and records of the Debtor is also pending and shall be heard prior to the motion to sell. This Creditor is interested in purchasing the assets of the Debtor, but is unable to obtain/review the applicable documents regarding the full financial dealings of this Debtor. The Creditor has also has the deposition of William Braden set in San Antonio, Texas. The deposition was recently continued per the Debtor's request and the unavailability of Mr. Braden. Mr. Braden is also to produce records of the Debtor, of which have not yet been produced. The Debtor has indicated that such documentation will be produced prior to the deposition. This Creditor reserves its rights to submit a further opposition and/or make an offer on the property pending the outcome of the hearing and production of such documentation.

# II.
# STATEMENT OF FACTS

1.  The Debtor proposes to enter into an Asset Purchase Agreement ("APA") with CHLN to purchase assets of the Debtor related to the Beso Restaurant and Eve Nightclub for $1,000,000.00 subject to certain adjustments.

2.  The APA provides that one of the assets to be sold are "all claims (including claims for past infringement or misappropriation of the Intellectual Property of Seller) and causes of action of Seller against other Persons relating to the Business or the Assets (regardless of whether or not such claims and causes of action have been or could have been asserted by Seller), and all rights under express or implied warranties, representations and guaranties relating to the Assets (to the extent assignable or transferable). See, APA p. 3, paragraph j.

3.  The Assets also includes three pieces of artwork of paintings by Gali Zuckerberg contained within the restaurant and approximately twelve to fourteen pieces of artwork by Gali Zuckerberg located in the Beso Corporate office, a variety of Tools belonging to Ronen Nachum

Law Office of
Brian D. Shapiro, LLC
228 S. 4th St. Suite 300
Las Vegas, Nevada 89101
(702) 383-0994

and a variety of childhood videos of the Creditors (collectively referred to herein as "Personal Property")

4. On August 30, 2011, the deposition of Eva Longoria was taken. At that deposition, Ms. Longoria testified that her personal team of processional, including Mr. William Braden, assisted in the negotiation of the sale for her. See, Declaration of Brook Bohlke in Support.

5. Ms. Longoria testified that she personally rejected an initial offer from CHLN because it did not contain adequate protections for her against on-going litigation. Conversely, the new offer, which she accepted, conditioned the agreement upon being indemnified from the lawsuits filed by the Nachums. Id.

6. The deposition of William Braden is currently pending. The Deposition was set in part, to determine the validity of the comments in the Declaration to support of the sale. On Thursday, September 9, 2011, counsel for the Debtor advised that Mr. Braden was too busy to take his deposition in Las Vegas and that it needed to be taken in San Antonio. Such deposition has now been scheduled for September 21, 2011 so that Mr. Braden can produce the documents needed to support his declaration in support. Id.

7. On August 12, 2011, the Creditors filed a motion to compel discovery and the production of records from the Debtor and its accountant. See, Docket 176. The hearing is set for September 14, 2011 at 9:30 a.m. The Creditors are interested in making an offer to purchase the assets of the Debtor and meet with the Landlord but are unable to make a firm offer until such documentation is produced.[1]

## II.

## LEGAL ARGUMENT

**A.  Does the sale benefit the Estate or does it benefit Longoria?**

Section 363(b)(1) of the Bankruptcy Code governs the sale of property of a bankruptcy

---

[1] The request for documentation has been made both formally and informally. Although documentation has been produced, such documentation was redacted and/or not fully produced. No potential purchaser would be able to make a determination of what the value of the assets are without full disclosure of the books and records of the Debtor.

estate, and provides, in pertinent part, as follows: "The trustee, after notice and hearing may use, sell, or lease, other than in the ordinary course of business, property of the estate…" 11 U.S.C. § 363(b)(1). In order to obtain approval of a sale pursuant to Section 363(b) of the Bankruptcy Code, a trustee/debtor must demonstrate a valid business justification to grant the request. See, *240 North Brand Partners, Ltd. v. Colony GFP Partners (In re 240 North Brand Partners, Ltd.)*, 200 B.R. 653, 659 (B.A.P. 9th Cir. 1996); *Walter v. Suntrust Bank (In re Walter)*, 83 B.R. 14, 19-20 (B.A.P. 9th Cir. 1988).

Consistent with the foregoing, the bankruptcy courts consider a wide range of factors in approving sales outside of the ordinary course of business, generally including the following:

    a.    Whether a sufficient business reason exists for the sale;

    b.    Whether the proposed sale is in the best interests of the estate, which considers the following factors:

        (i)    That terms of the sale are fair and reasonable;

        (ii)    That the proposed sale has been adequately marketed;

        (iii)    That the proposed sales terms have been properly negotiated and proposed in good faith; and

        (iv)    That the purchaser is involved in an "arms-length" transaction with the seller; and

    c.    Whether notice of the sale was sufficient.

See, *Walter*, 83 B.R. at 19-20.

The bankruptcy court should consider all factors pertaining to the proceeding and accordingly, act to further the diverse interests of the debtor, creditors and equity holders alike. It is not necessary for the bankruptcy court to consider each factor listed in the cases, or to use any specific set of factors. See, *240 North Brand Partners, Ltd.*, 200 B.R. at 659; *In re Work Recovery, Inc.*, 202 B.R. 301, 304 (Bankr. D. Ariz. 1996) (using a six factor-test). Moreover, to the extent that any factors are utilized, there is no necessity that those factors must be given equal

weight to determine the outcome. See, *Matter of Embrace Sys. Corp.*, 178 B.R. 112 (Bankr. W.D. Mich. 1995).

As the sale is to an insider entity that will have an interest (i.e. Eva Longoria and Jonas Lowrance), the relationship between the insiders must be fully disclosed, how the items were negotiated and what marketing efforts were made. See generally, I*n re Wilde Horse Enterprises, Inc.,* 136 B.R. 830, 842 (Bankr. C.D. Cal 1991).[2]

In this case, the relationship between Eva Longoria and the purchaser have been disclosed. However, how the items were negotiated is unknown. Ms. Longoria indicated that Mr. Braden was part of her team of professionals negotiating the sale to the prospective purchaser. The Creditors query as to whom was representing the Bankruptcy Estate?

If Mr. Braden was representing Ms. Longoria, then who negotiated the sale and whom marketed the business to applicable third parties? There is no evidence presented as to how the sale was negotiated and what consideration was given by Ms. Longoria to the Estate for entering into the indemnification agreement. The deposition of Mr. Braden is pending and the Creditors request to reserve their rights to supplement this pleading upon hearing the testimony of Mr. Braden.

Moreover, the sale contemplates the sale of to the Purchaser of any and all claims against other Persons relating to the Business or the Assets. The claims and such value are not disclosed. The Creditors are concerned that the Estate may be selling claims against Longoria and Braden for self-dealing and breach of fiduciary duty. Such claims have not been outlined with the motion.

Although it appears that the Debtor may have met some of the elements authorizing the sale of the assets, at this time there are unknowns as to how the negotiation of the sale came to fruition and what claims are being sold to the Purchaser.

---

[2] This case involved the payment of attorney fees to Debtor's counsel and an alleged breach of fiduciary duty of the Chapter 11 debtor. The case cited to *In re Ancor Exploration Co*., 30 B.R. 802, 808 (Bankr. N.D. Okla 1983) in which the court found that the purchase and sale agreement was the product of "[V]igorous, arms-length, good faith negotiations…which took place in a "…fish bowl under the watchful eyes of the Examiner and the Committee."

Law Office of
Brian D. Shapiro, LLC
228 S. 4th St. Suite 300
Las Vegas, Nevada 89101
(702) 383-0994

**B.      Sale of Personal Property to Creditor**

The sale contemplates the sale of Personal Property belonging to the Creditor.  It is expected that this is a non-issue, but the Creditor hereby objects to such sale of such Personal Property which is owned by the Creditor and not owned by the Bankruptcy Estate.

**C.      Reservation of Rights**

The Creditors acknowledge that it has filed its opposition to the motion to sell.  However, such opposition may be supplemented based upon the testimony of Mr. Braden and responses to the motion to compel discovery.  Accordingly, the Creditors reserve their rights to supplement this pleading after the deposition of Mr. Braden and to make an offer to purchase the assets at the time of the hearing.

## III

## CONCLUSION

Based upon the foregoing, there is insufficient information to determine how the purchase agreement was negotiated and whether there was any self-dealing involved in this sale. The Debtor has an obligation to act in the best interest of the creditors of the Estate rather than its shareholder.  By having the purchaser indemnify Eva Longoria for any and all damages plus attorney fees of at least $500,000.00 and purchasing any and all claims of any person, it appears that there is an apparent self dealing in this transaction.  Accordingly, the Creditors request that the motion as currently presented be denied.

LAW OFFICE OF BRIAN D. SHAPIRO, LLC

By: /s/ *Brian D. Shapiro*
BRIAN D. SHAPIRO, ESQ.
Nevada Bar No. 5772
E-mail:  bshapiro@brianshapirolaw.com
228 S. 4th Street, Suite #300
Las Vegas, NV  89101
Telephone: (702) 386-8600
Facsimile: (702) 383-0600