GORDON SILVER
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gordonsilver.com
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
E-mail: tgray@gordonsilver.com
ERICK T. GJERDINGEN, ESQ.
Nevada Bar No. 11972
E-mail: egjerdingen@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for Anthony Vicidomine

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>BESO, LLC,<br><br>Debtor. | Case No.: BK-S-11-10202-MKN<br>Chapter 11<br><br>Date: September 26, 2011<br>Time: 1:30 p.m. |

**OPPOSITION TO: (i) DEBTOR'S MOTION FOR ORDER (1) AUTHORIZING A PRIVATE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ANY AND ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; AND (2) APPROVING THE ASSET PURCHASE AGREEMENT IN CONNECTION THEREWITH; AND (3) GRANTING RELATED RELIEF; AND (ii) JOINDER IN THE NACHUM'S OPPOSITION TO THE DEBTOR'S SALES MOTION**

Anthony Vicidomine ("Vicidomine"), a minority member of Debtor and its third largest creditor,[1] by and through his counsel, the law firm of Gordon Silver, hereby respectfully submits his opposition (the "Opposition and Joinder")[2] to Beso, LLC's ("Debtor") *Motion for Order (1) Authorizing a Private Sale of Substantially All of the Debtor's Assets Free and Clear of Any and all Liens, Claims, Encumbrances, and Other Interests; and (2) Approving the Asset Purchase Agreement in Connection Therewith; and (3) Granting Related Relief* (the "Sales Motion") [ECF No. 204] and joinder in Mali Nachum and Ronen Nachum's *Opposition to Motion For an Order Authorizing and Approving the: (I) Sale of Substantially All of the Debtor's Assets Free and*

---

[1] Mr. Vicidomine holds an allowed unsecured claim in the amount of $651,239. Debtor's unsecured claims exceed $4.8 Million in the aggregate. See ECF No. 1, at p. 18 of 47.

[2] Debtor provided Vicidomine with an extension of September 15, 2011, at noon, to file an opposition to the Sales Motion.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102921-001/1322745_2

*Clear of All Claims, Liens, Interest and Encumbrances, (II) Approving the Asset Purchase Agreement in Connection Therewith and (III) Granting Related Relief* (the "Nachum Opposition") [ECF No. 229].

Through this Opposition and Joinder, Vicodomine hereby expressly joins the Nachum Opposition. In the interest of brevity, Vicidomine additionally incorporates herein by this reference his objections raised in his *Opposition to Debtor's Emergency Motion for Approval of Management Agreement Nunc Pro Tunc; Request for Interim Relief re Financing* [ECF No. 182] (the "Mgmt. Opposition")[3] and the supporting *Declaration of Anthony Vicidomine in Support of the Opposition to Debtor's Emergency Motion for Approval of Management Agreement Nunc Pro Tunc; Request for Interim Relief re Financing* [ECF No. 183] (the "Vicidomine Mgmt. Declaration"), specifically including, but not limited to his objection that approval of the contemplated sale is not warranted under Section 363 as the contemplated sale is an impermissible *sub rosa* plan. Further, the contemplated sale, allegedly necessitated by Braden's[4] failed management of Beso Steakhouse and Eve, is premised on egregious self-dealing that provides a windfall to Longoria and Lowrance to the detriment of Debtor's remaining members and general unsecured creditors. Additionally, Debtor has failed to file with the Court the ordered "bi-weekly reports of the funds advanced, if any, by CHLN, Inc. under the terms of the Management Agreement,"[5] thereby failing to disclose the actual purchase price of the contemplated sale to CHLN, LLC and impeding parties-in-interest from submitting meaningful counter-proposals. Finally, were the Court to determine that a sale outside of a plan of reorganization were proper under the facts of this case, an open auction must be conducted at which other parties-in-interest are provided an opportunity to bid, and at which the Court determines the highest and best offer.

---

[3] All undefined, capitalized terms shall have the meanings ascribed to them in the Mgmt. Opposition.

[4] Braden's refusal to make himself available in Nevada for deposition in conjunction with the contested sales proceeding further necessitates the denial of the Sales Motion.

[5] ECF No. 200, at p. 2.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102921-001/1322745_2

2

WHEREFORE, Vicidomine respectfully requests that the Sales Motion be denied in its entirety. Alternatively, Vicidomine requests that the Court conduct an auction to consider higher and better offers and to select the highest and best offer presented. Vicidomine additionally seeks such further and other relief as the Court deems just and proper.

DATED this 15th day of September, 2011.

GORDON SILVER

By: _____
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
ERICK T. GJERDINGEN, ESQ.
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Attorneys for Anthony Vicidomine

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102921-001/1322745_2

3